and conclusive so far as the quantity of excavation done; but whether that amount is under the terms of the contract is a question for the court, and not for the engineer, and therefore the proceeding is not well brought. The petitioner should be remitted to its action, in order that it may establish therein the validity of its claim against the city, if it can.

The order appealed from should be affirmed, with costs and disbursements.

PATTERSON, LAUGHLIN, and SCOTT, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice CLARKE upon the ground that a proceeding by mandamus is not the proper remedy, but that the petitioner should be remitted to an action at law to establish his claim, if any, against the defendant.

---

(51 Misc. Rep. 449.)

## In re SHELDON'S ESTATE.

(Surrogate's Court, Madison County. September, 1906.)

1. TRUSTS—EXECUTION OF TRUST BY TRUSTEE—PAYMENT OF INCOME—ACCOUNTING.

Testator directed his executors to apply the income of a certain sum, and as much of the principal as might be necessary, to support his daughter until principal and interest should be exhausted. One of the executors agreed with the beneficiary to pay interest on the fund at 5 per cent., and paid her to a certain date, and applied the next year's interest on a debt due him from the beneficiary and her husband, with whom she lived, and thereafter, by the consent of the beneficiary, applied the interest to an account for goods which she and her husband bought from time to time of the executor, and also applied the same to the interest on their note which he had indorsed for them, and also with her consent and authority paid certain sums to her husband for her benefit. Held that, on settlement of his account, such payment should be allowed the executor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 400, 402–404.]

2. SAME—COSTS.

Where the proceedings for an accounting by an executor showed that he had honestly administered the estate and paid the income to the beneficiary, judgment should be rendered settling the account, awarding costs to the executor out of the fund, and giving directions for the guidance of the executor as to the future administration of the trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 487, 427.]

In the matter of the estate of William P. Sheldon. Proceeding by Mary Augusta Collins for an accounting, and by the executors and testamentary trustees for settlement of their accounts.

John E. Smith, for Mary Augusta Collins.
E. W. Cushman, for the executors.

KILEY, S. On the 5th day of June, 1881, William P. Sheldon, who was the father of Edwin B. Sheldon, William P. Sheldon, and Mary Augusta Collins, died at the town of Hamilton, county of Madison,

state of New York.    He left a last will and testament, in and by which, among other things, he provided by the third paragraph thereof as follows:

"I order and direct my executors, or such of them as may receive letters testamentary, to invest the sum of $600 in some good, safe interest-bearing security, or upon a bond and mortgage at interest so as to be safe and secure, and to receive the interest arising therefrom, and to apply such interest, or so much of the principal from time to time as may be necessary, to support and maintain my daughter Mary Augusta Collins, until both interest and principal is exhausted in furnishing to my said daughter a decent and proper support and maintenance as long as she may live, and in case the said Mary Augusta Collins shall die before the whole of the principal sum of $600 or the interest arising therefrom, is exhausted in furnishing her with a support and maintenance, then my said executors are to use any such balance so left or remaining after the death of the said Mary Augusta Collins to the payment of any legacy herein given, or to use and apply the same in furnishing the support and maintenance of my wife as hereinafter provided, as my said executors may deem best."

In and by the sixteenth paragraph of said will the said testator further provided for the petitioner, Mary Augusta Collins, as follows:

"I further will and direct that my daughter, Mary Augusta Collins, be permitted to remain and reside with her mother so long as my said wife shall live, and my said wife has the privilege at her own discretion to assist in the support and maintenance of the said Mary Augusta Collins out of that portion of my estate which, under the provisions of this will, passes into the possession of my said wife for the purpose of furnishing a maintenance and support of my said wife during her life, as herein provided."

It appears from the evidence and from the proceedings now before the court that the estate of William P. Sheldon, amounting to $5,952.-81, was settled among the parties entitled thereto by the distribution thereof after the death of Mary A. Sheldon, wife of the testator, in 1890, except the trust fund of $600 provided for by paragraph 3 of testator's will.    On April 23, 1906, Mary Augusta Collins, beneficiary named in the trust created by the third paragraph of said will, presented to this court her petition, in and by which she alleged that the surviving executors of the will of William P. Sheldon, deceased, had failed to supply her moneys that she was entitled to under said trust, and praying in her said petition for a decree of the court requiring said surviving executors to render their account of their proceedings as such executors, and that it be further decreed that they pay to her the income of said trust fund, and so much of the principal as she should need for her comfortable support and maintenance.    Citation was issued on that petition to the executors, and they then filed a petition for a final and judicial settlement of their acounts as such executors.    The proceedings were tried together.

It appears from the evidence that the petitoner, Mary Augusta Collins, at the time of the death of the testator, and for some years previous thereto, had been living separate and apart from her husband, Wallace W. Collins, and was living with her father, and after his death continued to live with her mother until her death, and soon thereafter went to live with her husband in the town of Augusta, Oneida county, N. Y., and that she has ever since lived and is now living there.    By the terms of the will of W. P. Sheldon, all of his estate, after paying some

specific legacies, was turned over to his widow during her lifetime, for her use and support.   It further appears that the $600 mentioned in the third paragraph of said will was a portion of the estate that Mrs. Sheldon, executrix, held during her lifetime, and that after her death the $600 was retained by E. B. Sheldon, one of the executors, and that he now has the said $600 in his possession; that the same was so held by him under an agreement with the beneficiary, and upon which he was to pay interest at the rate of 5 per cent. per annum; that on April 21, 1901, he paid to the beneficiary and cestui que trust under said will, Mary Augusta Collins, the sum of $100, which, according to the receipt taken at that time, paid the interest upon the $600 to January 1, 1902.   This receipt is in evidence and is signed by the petitioner, Mary Augusta Collins, and witnessed by her husband, Wallace W. Collins, and by a brother-in-law, A. N. Peckham.   It is not seriously contended by the attorney for Mrs. Collins that this receipt does not show a valid settlement for all claims for interest up to January 1, 1902, and it is so held by the court.   It also appears by the evidence that the interest due January 1, 1903, was applied upon a store debt due from Mrs. Collins and her husband to E. B. Sheldon.

It is contended by the executors that since that time, by a course of dealing which was authorized by Mrs. Collins, and was carried on by herself and her husband, the interest was not paid to her personally, but was paid for her and to her husband; that for years they had purchased goods from the store of Mr. E. B. Sheldon, who is one of the executors who held the $600; and that the account was reduced by the amount of this interest as the same became due, pursuant to authority from Mrs. Collins, and by mutual understanding between all of the parties interested.

It further appears from the evidence that E. B. Sheldon signed a note, or notes, with Mr. and Mrs. Collins, paid interest for them, advanced money for them, and at various times paid some money to Mr. Collins on account of interest due on this trust fund of $600.   Both Mrs. Collins and her husband, W. W. Collins, now contend that the moneys so advanced by Mr. Sheldon to Mr. Collins, and the notes paid by him for them since January 1, 1903, were not authorized by her, and it was not intended that the interest upon the trust fund should be used in paying that indebtedness.

It appears from the evidence that during all of the time from January 1, 1903, down to date, she was in straightened circumstances and needed money, and yet she at no time, except as her husband asked and received money, called upon the excutors for a payment on account of this trust fund.   Nor did Collins ever intimate, when he was drawing these several sums of money, and when those several payments were being made for his benefit, or raise any question, but what the money so received and the benefit so conferred were in behalf of his wife, Mrs. Collins, and inured to her benefit; and he has never offered to repay any of those sums of money to Mr. Sheldon.   Mrs. Collins is a well-preserved woman for one of her age, and fully understood that these payments and groceries were being made and furnished on her account, and it would be hardly just to allow her to come in and say now:

"Although you made those payments to my husband, and I received the benefit of them, yet I desire that you pay them over again because you did not pay them to me personally."

The payments made since January 1, 1903, have been fully proved, and most of them admitted by Mr. and Mrs. Collins, and the only question left to decide in that regard is as to whether these payments shall apply as interest upon the trust fund since January 1, 1903. I have no hesitation in holding that they should so apply. I find no difficulty in reaching the conclusion from the evidence that they were made with the consent and by the authority of Mrs. Collins, and that she had the benefit of them, and that she should not be permitted to repudiate them at this time and reap a second benefit. I find that on the 1st day of January, 1906, E. B. Sheldon was indebted for interest upon the trust fund, after having made the several payments proved upon the trial of this proceeding, in the sum of 56 cents, and is also indebted for interest from that time. I see no reason for removing him as the custodian of this trust fund, and believe it is for the best interest of Mrs. Collins that he should be retained.

It appears from the evidence that, since the death of the mother of Mrs. Collins, and since she returned to the home of her husband, she has been paid various sums from the estate of the testator and from her mother's estate, upwards of $900, all of which she has turned over to her husband and all of which has been used by him in his own business, and that the security she has received therefor is inadequate for the money so loaned. Under the circumstances I do not deem it wise that money should be paid over to her to dispose of as she has disposed of previous moneys.

It is a source of regret that this small trust fund must be depleted by the expense of this proceeding. The executors of the will of William P. Sheldon, deceased, as appears from the evidence, fairly and honestly administered the estate of their father, had settled with all parties entitled to any distributive share of the estate so far as they could settle the same under the terms of said will, and that at the commencement of these proceedings there was nothing further to be disposed of under this will except this trust fund. Mrs. Collins having instituted the proceedings that brought the judicial settlement, and the executors having established beyond a question their fairness and fidelity to their trust, each must have their costs and expenses paid out of this trust fund.

A decree may be entered finally and judicially settling this estate, except as to said trust fund, and providing that the executors pay to John E. Smith, attorney for said Mary Augusta Collins, out of said trust fund, $50 for his services, $8.82 for a copy of the evidence furnished by the stenographer, and $2 for a certified copy of the will of William P. Sheldon, furnished by the clerk; total, $60.82. And provide, further, that the executors pay to their attorney, E. W. Cushman, out of said trust fund, $80 for counsel fee and services, $16.82 expenses, which include $8.82 for copy of stenographer's minutes furnished by the stenographer. And provide, further, that the said executors, each year, be authorized to purchase and provide for the said Mary Augusta Collins clothing to the amount of and not to exceed $40 or such part

of $40 as will provide for her necessary and proper clothing—in the case of sickness the said executors to use their discretion in furnishing such a part of such trust fund as will be necessary for her proper care and comfort in her station of life—and that such sum, so furnished, be a charge against the principal and interest of said trust fund each year.

Decreed accordingly.